UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

        - against -                                                           **MEMORANDUM &**
                                                                              **ORDER**
DOUGLAS A. PAVONE,                                                            10-CV-1908 (RRM)

                        Defendant.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

        Plaintiff United States of America ("the Government") filed an action against Douglas A. Pavone

on April 28, 2010, seeking the balance on a student loan with interest.  (Compl. (Doc. No. 1).)  Default

judgment was entered against Pavone on July 14, 2010, and a writ of garnishment was issued on

October 8, 2019.  That writ having been served on Pavone's bank, Pavone now moves to vacate the

default judgment; to stay the garnishment of his bank account; and to grant him leave to answer the

complaint.  (Motion to Stay Garnishment and Vacate Default Judgement ("Mot.") (Doc. No. 11) at 1.)

For the reasons set forth below, Pavone's motion is denied.

## BACKGROUND

        Plaintiff United States of America filed an action against Douglas A. Pavone on April 28, 2010,

seeking the balance on a student loan with interest, in the amount of $8,944.82 as of April 27, 2010.

(Compl. at 2.)  Using Accurint.com, a service used to locate individuals, the Government identified two

addresses associated with Pavone: 426 Beach 123rd Street, Far Rockaway, New York 11694 ("the Beach

123rd Street Address") and 39 Titus Road, Glen Cove, New York ("the Titus Road Address").

(Affirmation in Opposition to Defendant's Motion ("Aff. Opp.") (Doc. No. 12) at 4; *see also* Exhibit C –

Accurint Search 2010 (Doc. No. 12-4).)  The Government mailed Pavone a "Notice of Lawsuit and

Request for Waiver of Service of Summons at the Titus Road Address on April 29, 2010, alongside a

copy of the complaint.  (Request for Waiver (Doc. No. 2).)  This request for waiver of service was returned by the U.S Post Office stamped "Not Deliverable as Addressed, Unable to Forward."  (Aff. Opp at 5; *see also* Exhibit D – Returned Envelope with Waiver (Doc. No. 12-5).)  The Government also allegedly sent a process server to the Titus Road Address, but the process server could not find Pavone in residence or complete service at that address.  (*Id*.)

According to an Affidavit of Service by a licensed process server, Steve Kemp, Kemp attempted personal service on May 22, 2010, at 8:45 PM; May 26, 2010, at 1:16 PM; and June 8, 2010, at 7:20 AM.  (Affidavit of Service (Doc. No. 3).)  Thereafter, having confirmed with the postman that Pavone resided at the address "426 Beach 123rd Street (private house) Far Rockaway, New York 11694," Kemp affixed a copy to the door of that residence and mailed an additional copy to Pavone at that address on June 15, 2010.  (*Id*.) .  Pavone did not file an answer.  On July 13, 2010, the Government filed a motion seeking to enter a default judgment.  (Doc. No. 4.)  The Clerk of Court noted Pavone's default on July 14, 2010, (Doc. No. 5), and the Court entered a default judgment in the amount of $9,392.29 on July 19, 2010, (Doc. No. 6.).

In 2019, the Government located assets belonging to Pavone.  On October 8, 2019, this Court granted a Writ of Garnishment as to Garnishee, Chartway Federal Credit Union. (Doc. No. 8.)  Pavone's funds, in an amount sufficient to satisfy the judgment, were restrained.  (Mot. at 1.)  On November 1, 2019, Pavone filed the instant motion, alleging that he was not living at the Beach 123rd Street Address at the time of the attempted service, but was instead living at the Titus Road Address.  (*Id*.)  He alleges that he only became aware of the default judgment against him when he "checked [his] account," and "called the bank" to find out what had happened.  (*Id*.)  Accordingly, Pavone asserts that this Court lacks personal jurisdiction over him.  (*Id*.)

In a sworn affidavit, a paralegal from the Government's office, Olga Martsenyuk, states that she spoke with Pavone by telephone on July 22, 2010.  (Marsenyuk Affidavit (Doc. No. 12-1) at 1.) Martsenyuk asserts that she found Pavone's phone number through his company, Good Samaritan Blacktop.  (*Id*.)  According to the Martsenyuk affidavit and her contemporaneous notes, Pavone stated on the call that he intended to file a response to the Government's default motion and showed interest in negotiating a payment plan.  (*Id*. at 2.)  Pavone never entered into a payment plan, made payments on the loan, or filed that response.

In an Order dated November 20, 2019, this Court directed Pavone to file a sworn statement providing (1) the specific dates during which Pavone resided at the Beach 123rd Street Address and the Titus Road Address; and (2) whether Pavone denies the allegations in the sworn affidavit of Olga Martsenyuk included in The Government's motion.  In response, Pavone filed an affidavit asserting that he resided at the Beach 123rd Street Address between October 1, 2010, and November 1, 2014. (Response in Opposition ("Pavone Aff.") (Doc. No. 15.) at 1.)  He further states, "I did not live at said address when Olga Martsenyuk allegedly served me there with Plaintiff's motion for default judgment on July 12, 2010…" (*Id*.)  Pavone states that he was not served the Summons and Complaint, nor the motion for default judgment, "nor did I ever receive a copy" of these documents "until I became aware of this immediate garnishment proceeding." (*Id*.)  Finally, Pavone asserts that he resided at the Titus Road Address between April 1, 2010, and September 30, 2010.  (*Id*.)

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) allows a district court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4).  "A judgment is void under Rule 60(b)(4) if entered by a court against a party over whom it lacks personal jurisdiction." *Fifth Third Bank v. Mytelka*, No. 05-MC-52 (DLI), 2008 U.S. Dist. LEXIS 63435, at *5 (E.D.N.Y. Aug. 16, 2008) (*citing*

*Velez v. Vassallo*, 203 F. Supp. 2d 312, 317–18 (S.D.N.Y. 2002)).  For a court to acquire personal

jurisdiction over a defendant, "due process requires that the defendant receive adequate notice through

valid service of process."  *Id.* at \*5 (*citing Retail Software Services, Inc. v. Lashlee*, 854 F.2d 18, 22–23

(2d Cir. 1988)).

      "[A] properly filed affidavit of service by a plaintiff is prima facie evidence that service was

properly effected."  *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014).

The defendant can rebut this presumption by alleging "specific facts to rebut the statements in the

process server's affidavits."  *E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 (CBA) (LB), 2016 U.S. Dist.

LEXIS 6880, at \*5 (E.D.N.Y. Jan. 20, 2016) (*citing Ahluwalia*, 63 F. Supp. 3d at 260).  On a motion to

vacate a default judgment due to improper service of process where the defendant had actual notice of

the original proceeding but delayed bringing the motion, it is the defendant who bears the burden of

proving that the alleged service did not occur.  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir.

2005).

      Here, the Government filed with this Court an affidavit of service, providing *prima facie*

evidence that service of process was properly effected.  In his response, Pavone fails to adduce evidence

to rebut the affidavit of service other than his own assertion that he was living at the Titus Road Address

between April 1 and September 30, 2010, and therefore never received a copy of the summons and

complaint.  Pavone's conclusory response that he never received the alleged service of process, without

alleging specific facts, fails to rebut the presumption of sufficient service created by the affidavit of

service.

      Pavone also does not refute the Government's evidence to the contrary.  The Government has

established that a waiver form and a copy of the complaint, mailed to the Titus Road Address on April

29, 2010, was returned as undeliverable, with a notation that the United States Postal Service was "Unable to Forward." This suggests that Pavone had already moved by that time.

Moreover, the Martsenyuk affidavit states that she spoke on the phone with Pavone on July 22, 2010, about his intention to file a motion in response to the default judgment, providing *prima facie* evidence that Pavone had actual notice of the proceeding. Despite this Court's November 20, 2019, Order specifically directing Pavone to respond to the allegations contained in the Martsenyuk affidavit, Pavone provides nothing to refute the Government's evidence of actual notice. Pavone also provides no explanation for why the Accurint.com search would associate him with his Beach 123rd Street address in April 2010 if he did not move into that home until October of that year, as he claims. Additionally, Pavone does not explain why the postman would verify that he lived at the Beach 123rd Street address if he did not. The record in this case shows that Pavone had actual notice of both the original proceeding and of the default but delayed bringing his motion. Accordingly, Pavone fails to meet his burden of proving that the alleged service did not occur.

## CONCLUSION

For the reasons stated above, Pavone's motion to vacate the default judgment, stay the writ of garnishment, and grant him leave to file an answer, is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September 29, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge